AEE

FILED
DECEMBER 27, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MOISES MORALES,** | ) | **07 C 7243** |
| | ) | |
| Plaintiff, | ) No. | |
| | ) | |
| vs. | ) Judge | |
| | ) Magistrate Judge | **JUDGE GETTLEMAN** |
| **CITY OF CHICAGO,** | ) | **MAGISTRATE JUDGE COX** |
| **Chicago Police Officer** | ) | |
| **JOHN HALEAS, Star 6719,** | ) Jury Demand | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant JOHN HALEAS is a duly appointed and sworn Chicago police officer. At all times relevant to this Complaint, the Defendant-Officer was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officer is sued in his individual capacity.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officer.

### Facts

8. On May 4, 2007, Plaintiff was driving his car near 4500 West Armitage in the City of Chicago.

9. Plaintiff was obeying all traffic laws.

10. Plaintiff was stopped by Defendant-Officer HALEAS who was on patrol.

11. Plaintiff had not violated any city, state or federal law. Defendant-Officer did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. HALEAS did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

12. After Plaintiff stopped, HALEAS approached his car and accused Plaintiff of being drunk.

13. Plaintiff was not drunk.

14. Plaintiff speaks only Spanish, and does not speak English.

15. HALEAS spoke to Plaintiff in English.

16. HALEAS took Plaintiff into custody and charged him with disobeying a red signal, failure to keep in lanes, and driving under the influence.

17. There was not probable cause for these charges.

18. During the pendency of the criminal case, it became public that during DUI arrests Haleas had a practice of not following proper procedures, making false reports, and falsely imprisoning citizens. As a result, all DUI cases pending involving HALEAS were dismissed, including Plaintiff's case. Haleas was subsequently disciplined.

19. As a result of the false arrest, Plaintiff driver's license was suspended, and he lost his job. Plaintiff also incurred attorney's fees defending himself from the false charges maliciously brought by HALEAS.

20. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and other damages including attorney's fees, monies posted for bond, and lost wages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

21. Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

22. The actions of HALEAS in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against HALEAS;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

23. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

24. The actions of HALEAS in arresting Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against HALEAS;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Malicious Prosecution)

25. Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.

26. Defendant-Officer instituted charges against Plaintiff for driving under the influence.

27. There was not probable cause for such charges.

28. The charges were dismissed in a manner indicative of Plaintiff's innocence.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer;

b) Award compensatory and punitive damages, as determined at trial;

c) Award costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law *Respondeat Superior* Claim)

29. The acts of the individual Defendant-Officer described in the supplementary state law claim specified above was willful and wanton, and committed in the scope of employment.

30. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

31. The acts of the individual Defendant-Officer described in the above causes of action were willful and wanton, and committed in the scope of employment.

32. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officer.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officer for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

Respectfully submitted,

/s/ Daniel P. Kiss
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595