IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOISES MORALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.:  07 C 7243 |
| ) | |
| CITY OF CHICAGO, Chicago Police Officer ) | Judge Robert Gettleman |
| JOHN HALEAS Star #6719, ) | |
| ) | Magistrate Judge Susan Cox |
| Defendants. ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema Gossett PLLC, for its answer to plaintiff's complaint, states:

1. This is an action for money damages brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendant City admits plaintiff's complaint seeks money damages and invokes 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Defendant City denies liability to plaintiff for any of the claims asserted in the complaint, and denies plaintiff is entitled to money damages pursuant to his claims in the complaint.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§1331 and 1343(a).  Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

**ANSWER:** Defendant City admits plaintiff's complaint includes "federal claims" that invoke the jurisdiction of this court.  Defendant City admits 28 U.S.C. §1367(a) provides for supplemental jurisdiction over certain claims, and that plaintiff's complaint includes "state claims" that invoke the supplemental jurisdiction of this court.  Defendant City denies liability to plaintiff for any of the claims asserted in the complaint.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendant City admits venue is proper in the United States District Court, Northern District of Illinois. Defendant City denies liability to plaintiff for any of the claims alleged in this complaint.

## Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** Based on information contained in Chicago Police Department reports, Defendant City admits that on May 4, 2007, plaintiff gave a home address in Chicago, Illinois. Defendant City is without knowledge or information sufficient to form a belief as to the truth or falsity of any information provided by plaintiff. Defendant City is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 4.

5. Defendant JOHN HALEAS is a duly appointed and sworn Chicago police officer. At all times relevant to this Complaint, the Defendant-Officer was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendant City admits that, on May 4, 2007, Defendant John Haleas was a duly appointed and sworn police officer employed by the Chicago Police Department, and that he would have been acting under color of law and as an employee of the Chicago Police Department in the performance of the duties of his office. Defendant City denies any remaining allegations in paragraph 5 inconsistent with the foregoing.

6. The Defendant-Officer is sued in his individual capacity.

**ANSWER:** Defendant City admits the allegations contained in paragraph 6.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officer.

**ANSWER:** Defendant City admits it is a municipal corporation duly incorporated under the laws of the State of Illinois. Defendant City further admits that, on May 4, 2007, Defendant Haleas was employed as a police officer by the Chicago Police Department, and he would have been acting as an employee of the Chicago Police Department when performing the duties of his office. Defendant City denies any remaining allegations in paragraph 7 inconsistent with the foregoing.

**Facts**

8. On May 4, 2007, Plaintiff was driving his car near 4500 West Armitage in the City of Chicago.

**ANSWER:** Based on police department reports, Defendant City admits the allegations contained in paragraph 8.

9. Plaintiff was obeying all traffic laws.

**ANSWER:** Based on police department reports, Defendant City denies the allegations contained in paragraph 9.

10. Plaintiff was stopped by Defendant-Officer HALEAS who was on patrol.

**ANSWER:** Based on police department reports, Defendant City admits the allegations contained in paragraph 10.

11. Plaintiff had not violated any city, state or federal law. Defendant-Officer did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. HALEAS did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

**ANSWER:** Based on police department reports, Defendant City denies the allegations contained in paragraph 11.

12. After Plaintiff stopped, HALEAS approached his car and accused Plaintiff of being drunk.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12.

13. Plaintiff was not drunk.

**ANSWER:** Based on police department reports, Defendant City denies the allegations contained in paragraph 13.

14. Plaintiff speaks only Spanish, and does not speak English.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14.

15. HALEAS spoke to Plaintiff in English.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15.

16. HALEAS took Plaintiff into custody and charged him with disobeying a red signal, failure to keep in lanes, and driving under the influence.

**ANSWER:** Based on police department reports, Defendant City admits Defendant Haleas placed plaintiff under arrest, and further, that plaintiff was charged with driving under the influence of alcohol, disobeying a red signal, and failure to keep in lanes.

17. There was not probable cause for these charges.

**ANSWER:** Based on police department reports, Defendant City denies the allegations contained in paragraph 17.

18. During the pendency of the criminal case, it became public that during DUI arrests Haleas had a practice of not following proper procedures, making false reports, and falsely imprisoning citizens. As a result, all DUI cases pending involving HALEAS were dismissed, including Plaintiff's case. Haleas was subsequently disciplined.

**ANSWER:** Defendant City denies the vague allegations in paragraph 18 that "it became public" that Defendant Haleas had a "practice" of not following proper procedure, making false reports, and falsely imprisoning citizens. The simple allegation that Defendant Haleas was

4

"subsequently disciplined," without further detail or context, is vague and uncertain; Defendant City therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of that allegation. To the extent plaintiff suggests Defendant Haleas was "disciplined" by the Chicago Police Department as a result of his actions in arresting plaintiff, Defendant City denies those allegations. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 18.

19. As a result of the false arrest, Plaintiff driver's license was suspended, and he lost his job. Plaintiff also incurred attorney's fees defending himself from the false charges maliciously brought by HALEAS.

**ANSWER:** Based on police department reports, Defendant City denies plaintiff was subjected to a "false arrest." Defendant City therefore denies the allegations contained in paragraph 19, which are based on the premise that plaintiff was falsely arrested.

20. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and other damages including attorney's fees, monies posted for bond, and lost wages.

**ANSWER:** Defendant City denies the allegations contained in paragraph 20.

## COUNT I
### (42 U.S.C. §1983 - Unreasonable Seizure)

The City of Chicago is not a party defendant from which plaintiff seeks relief in count I. The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff realleges and incorporates certain paragraphs in later counts against the City.

21. Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:** Defendant City adopts and restates its answers and responses to paragraphs 1 through 20 as and for its answer and response to paragraph 21 as though fully set forth herein.

22. The actions of HALEAS in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**   Defendant City denies the allegations contained in paragraph 22.

## COUNT II
### (42 U.S.C. §1983 - False Arrest/Imprisonment)

The City of Chicago is not a party defendant from which plaintiff seeks relief in count II. The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff realleges and incorporates certain paragraphs in later counts against the City.

23.    Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

**ANSWER:**   Defendant City adopts and restates its answers and responses to paragraphs 1 through 22 as and for its answer and response to paragraph 23 as though fully set forth herein.

24.    The actions of HALEAS in arresting Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**   Defendant City denies the allegations contained in paragraph 24.

## COUNT III
### (State Law Claim for Malicious Prosecution)

The City of Chicago is not a party defendant from which plaintiff seeks relief in count III. The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff realleges and incorporates certain paragraphs in later counts against the City.

25.    Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.

**ANSWER:**   Defendant City adopts and restates its answers and responses to paragraphs 1 through 24 as and for its answer and response to paragraph 25 as though fully set forth herein.

26.    Defendant-Officer instituted charges against Plaintiff for driving under the influence.

**ANSWER:**   Based on police department reports, Defendant City admits plaintiff was charged, *inter alia*, with driving under the influence of alcohol following his arrest by Defendant Haleas.

27.    There was not probable cause for such charges.

**ANSWER:** Based on police department reports, Defendant City denies the allegations contained in paragraph 27.

28. The charges were dismissed in a manner indicative of Plaintiff's innocence.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28.

## COUNT IV
### (State Law *Respondeat Superior* Claim)

29. The acts of the individual Defendant-Officer described in the supplementary state law claim specified above was willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendant City has denied the allegations of misconduct asserted against Defendant Haleas in the "state law claims," and it therefore denies the allegations contained in paragraph 29.

30. Pursuant to *respondeat superior,* Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

**ANSWER:** Defendant City denies that paragraph 30 presents an accurate statement of Illinois law, and it therefore denies the allegations contained in paragraph 30.

WHEREFORE, defendant, City of Chicago, denies that plaintiff is entitled to any judgment whatsoever as against it, and it requests that this Court enter judgment in its favor and against plaintiff on count IV, and for its costs and fees, and for such further relief as this Court deems just and proper.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

31. The acts of the individual Defendant-Officer described in the above causes of action were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendant City has denied the allegations of misconduct asserted against Defendant Haleas in the above counts, and it therefore denies the allegations contained in paragraph 31.

32. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officer.

**ANSWER:** Defendant City admits the existence of 745 ILCS 10/9-102, but denies any liability to plaintiff pursuant to that statute. Defendant City further denies paragraph 32 presents an accurate statement of Illinois law, and it therefore denies the allegations contained in paragraph 32.

WHEREFORE, defendant, City of Chicago, denies that plaintiff is entitled to any judgment whatsoever as against it, and it requests that this Court enter judgment in its favor and against plaintiff on count IV, and for its costs and fees, and for such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

NOW COMES defendant, City of Chicago, without prejudice to its denials and all other statements in its answer and elsewhere, for its affirmative defenses to plaintiff's complaint, states as follows:

1. To the extent any individual employees of the City of Chicago or its police department are not liable as alleged in the complaint, the City would not be liable.

2. Defendant City is not liable for the claims alleged under state law because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

3.  Under the Illinois Tort Immunity Act, defendants are not liable under state law for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4.  Plaintiff's claims in the complaint are barred by the applicable statutes of limitations.

5.  Plaintiff's claims in the complaint are barred by the doctrines of *res judicata* and collateral estoppel.

6.  The City of Chicago is immune from the imposition of punitive damages under both state and federal law. Moreover, under Illinois law, the City cannot be required to indemnify an employee for punitive damages, nor may it pay a judgment for punitive damages on behalf of an employee.

7.  As to plaintiff's state law claims, Defendant City is not liable to pay attorney fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

8.  To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff as reflected in the public record, including but not limited to police reports, any verdict or judgment obtained by plaintiff must be reduced by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

9.  To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that a plaintiff has a duty to mitigate his or her damages.

## **JURY DEMAND**

Defendant City of Chicago respectfully requests a trial by jury.

Dated: June 25, 2008                                Respectfully submitted,

                                                    s/ Paul A. Michalik
Terrence M. Burns                                   One of the Attorneys for Defendant,
Paul A. Michalik                                    CITY OF CHICAGO
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700 (telephone)
(312) 876-1155 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2008, I electronically filed the foregoing **Defendant City of Chicago's Answer to Plaintiff's Complaint** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

| | |
|---|---|
| Daniel P. Kiss | Daniel F. Gallagher |
| Lawrence V. Jackowiak | Lawrence S. Kowalczyk |
| Louis J. Meyer | Dominick L. Lanzito |
| Law Offices of Lawrence V. Jackowiak | Querrey & Harrow, Ltd. |
| 20 N. Clark Street | 175 West Jackson Boulevard |
| Suite 1700 | Suite 1600 |
| Chicago, Illinois  60602 | Chicago, Illinois  60604 |
| 312.795.9595 (telephone) | 312.540.7000 (telephone) |
| | 312.540.0578 (facsimile) |

                                                      s/ Paul A. Michalik
                                                      Paul A. Michalik

CHICAGO\2458848.1
ID\PAM